I. & G. N. R. R. Co. v. John L. Malone.

(No. 1303, R. Book No. 4, p. 196.)

APPEAL from Hays County.   Opinion by WILLSON, J.

§ **232.** *Petition; damages to land.*   Where it appears from the petition that plaintiff's claim for damages is based upon injuries done to his land by the railroad, the crops growing upon the land, and a system of drainage constructed and operated by plaintiff, were part of the land, and injuries to these would be injuries to the land itself.

§ **233.** *Evidence of non-experts.*   It was error to admit the testimony of non-experts as to the necessity for the erection of more culverts and sluices, and as to the character and location of same.   Questions of science and skill should be elucidated by witnesses who, by their education and experience, are shown to be competent to judge of the matter.   [Norman v. Wells, 17 Wend. 137; 1 Greenl. Ev. sec. 440, note 4.]

§ **234.** *Road-bed; culverts and sluices.*   It is expressly provided by statute that "in no case shall any railroad construct a road-bed without first constructing the necessary culverts or sluices, as the natural lay of the land requires, for the necessary drainage thereof."   [Rev. Stats. art. 4171.]   The duty thus required is imperative, and should damage occur from its non-performance, the rail-

road company would unquestionably be liable therefor to the extent of the injury; but the remedy afforded the injured party is a legal one of a suit for damages, which the law regards as adequate, and there can be no further resort to equity to compel the company to construct the necessary culverts and sluices of a kind, and at such places on its road, as the party injured may demand or a court may order.

November 24, 1882.　　Reversed and remanded.